[Sac. No. 1412. Department One.—August 13, 1906.]

FLORENCE D. OLDHAM, Respondent, v. JOHN L. RAMSNER et al., Defendants; ALONZO HEWLETT, Appellant.

ACTION TO QUIET TITLE—EVIDENCE—MISDESCRIPTION IN SCHOOL TAX DEED—RELEVANCY NOT SHOWN.—In an action to quiet title to land in San Joaquin County, described as "lots numbered nine and ten in block C, in McCloud's addition to the city of Stockton according to the official map or plat" of said addition, "on file in the office of the county recorder," etc., where it was admitted that such described land was outside the city limits, but was part of a school district containing the city, which was assessed by the city for school purposes for 1900, and defendant claimed under a school tax-deed for the year 1900, which misdescribed the lands assessed as "lying and being *within* the said city of Stockton," and assessed simply as "lots nine (9) and ten (10) block C in McCloud's Addition," without further reference,—such deed was properly excluded from evidence as not purporting on its face to convey any part of the land in controversy, in the absence of other evidence or offer of evidence to show its relevancy to the issues, or to show an estoppel upon plaintiff, if it be assumed that such evidence would be admissible.

ID.—CONSTRUCTION OF TAX-DEED — POSSIBILITIES — JUDICIAL NOTICE.— The tax-deed describing lands *within* the city cannot be construed as intended to describe lands *without* the city, it being entirely possible that there may be a McCloud's addition *within* the city as well as one *without* it, and this court cannot take judicial notice that this is not the case.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Frank H. Smith. Judge.

The facts are stated in the opinion of the court.

Joshua B. Webster, and Charles H. Fairall, for Appellant.

Buck, Miller & Clark, and Miller & Clark, for Respondent.

ANGELLOTTI, J.—Plaintiff instituted this action to quiet her title to certain land, and obtained judgment, and defendant Hewlett appeals from such judgment and from an order denying his motion for a new trial.

The land involved in this action is all of the land situated in San Joaquin County, state of California, particularly described as follows, to wit: All of lots numbered nine and ten in block C in McCloud's addition to the city of Stockton according to the official map or plat of said McCloud's addition to the city of Stockton, on file in the office of the county recorder of the county of San Joaquin, state of California. It was admitted that this property was a part of the school district containing the city of Stockton, and was assessed by said city for school purposes for the year 1900, but that it was wholly outside of the corporate limits of said city of Stockton.

Upon the trial, plaintiff showed ownership of this property in one Mary E. Baright, and then introduced in evidence a deed of conveyance thereof from said Mary E. Baright to her, executed and recorded prior to the commencement of the action.

Appellant's sole claim was that he acquired the title of said Mary E. Baright to said property, under a tax-sale thereof made by the city of Stockton based upon an assessment for school purposes for the year 1900. For the purpose of showing this he offered in evidence a tax-deed from the tax-collector of the city of Stockton to one John L. Ramsner, proposing to follow this with a deed from Ramsner to himself. The plaintiff's objection to the introduction of this deed was sustained, and the only question presented by this appeal is as to the correctness of this ruling.

Several points are made by plaintiff in support of this ruling, but it will be necessary to consider only one. According to the deed, the land sold by the tax-collector at the tax-sale, and conveyed by said deed, was described as fol-

lows, viz.: "lying and being within the said city of Stockton, county of San Joaquin, state of California, described as follows, to wit: Lots nine (9) and ten (10), block C in McCloud's addition." Upon the face of the deed, it further appeared that the assessment upon which the deed is based was of land lying "within the city of Stockton," and that the only other description thereof in the assessment was: "Lots nine (9) and ten (10) block C in McCloud's addition." It is claimed by plaintiff that this deed did not purport to convey the land described in the complaint and involved in this action, and we are of the opinion that this claim must be held good.

It appears very clear that the deed did not, upon its face, refer to or purport to convey any of the land in controversy. That land lay wholly *without* the city of Stockton, while the deed was plain to the effect that the land assessed, sold, and thereby conveyed was *within* said city. The remainder of the description is not such as to warrant the rejection of the words "lying and being within the said city of Stockton" as a superfluous recital, or the substitution of the word "without" for the word "within." There is absolutely nothing on the face of the description given in the deed from which it can be concluded that there is any error in such description, or that the same does not correctly describe property in the city of Stockton. It is entirely within the possibilities that there may be a "McCloud's addition to the city of Stockton" without the city, and a "McCloud's addition" within the city, and we cannot take judicial notice that this is not the case. Under the plain and explicit words of the deed, the only land assessed by the assessor, sold by the tax-collector, and conveyed by the deed, was certain land lying *within* the city, and we are not at liberty, in plain disregard of these words, to construe the description as including only lands lying outside the city. To so do would be to include in the deed land not now affected thereby. It is of course not disputed that no right can be asserted under a tax-deed, except as to such property as is described therein.

It is claimed that, admitting the description to have been insufficient, the deed should still have been admitted for the purpose of allowing appellant to show other facts, "to make

certain the description of the land, or by way of estoppel,'' such as that the property in controversy was commonly known in the community in the way it was described in the deed; that there was only one McCloud's addition in the county; that the owner made the return to the assessor and is estopped; and that taxes of former years had been levied by the same description, and had been paid. In regard to this claim, it is sufficient to say that if it be assumed that any such evidence would have been admissible, appellant did not offer the same, or even state to the court, in connection with his offer of the deed, his intention to so do, though one of the specific objections made to the deed was that it did not purport to convey any of the property described in the complaint, but only property *within* the city of Stockton. Appellant simply offered a deed which, upon its face, did not refer to any of the land in controversy, and which, therefore, was not admissible, in the absence of other evidence showing its relevancy to the issues.

In view of what we have said, the trial court did not err in excluding from evidence the deed from the tax-collector to Ramsner. There was, of course, no error in refusing to admit the deed from Ramsner to plaintiff, for the deed from the tax-collector being refused admission, there was nothing to show any title in Ramsner.

The judgment and order are affirmed.

Sloss, J., and Shaw, J., concurred.